**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla G. Young,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV-11-538-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 31.) Plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(b). On June 13, 2012, this Court reversed the Commissioner's final decision and remanded this case to the Commissioner for further administrative action pursuant to sentence 4 of the Social Security Act, 42 U.S.C. § 405(g). As the prevailing party, Plaintiff moves for attorney's fees in the amount of $7,024.95. Defendant does not contest the reasonableness of the amount of fees submitted but opposes the motion for fees on the basis that the government's position was substantially justified. (Doc. 32.)

Legal Standard

Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency

>action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" includes reasonable attorney's fees. Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government's position was "substantially justified." Under the EAJA, substantial justification means that the government's position must have a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA."). The government bears the burden of showing that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005).

Discussion

Disability claims are evaluated according to a five-step procedure. In this case, at Step Two, the Administrative Law Judge ("ALJ") determined that the Plaintiff's medically determinable impairments were not severe. See 20 C.F.R. 404.1572(c). Step Two is regarded as "a de minimis screening device used to dispose of groundless claims." Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

This Court overturned the decision of the ALJ at Step Two because the decision to reject Plaintiff's disability application at step two was based on legal error and not supported by substantial evidence. (See Doc. 27 at 13.) Circuit precedent specifically describes the requirement of a sufficient explanation when the ALJ is crediting the opinions of the non-examining physicians and rejecting the assessment of the examining physicians regarding physical limitations. The ALJ did not comply. Such a failure to comply constitutes legal error. See Gutierrez v. Barnhart, 274 F.3d 1255, 1259–60 (9th Cir. 2001). The ALJ acknowledged that if she were to accept the opinion of Plainitiff's treating physicians then her opinion would come down in Plaintiff's favor. (Id. at 8.) This Court specifically found

1 that the "ALJ failed to provide any explanation why she was crediting the evaluation of the
2 non-examining medical consultants beyond stating that their opinions on severity were given
3 significant weight." (Id. at 11.)  The Court further indicated that the ALJ failed to properly
4 consider Plainitiff's record of disability in arriving at her decision that the medical evidence
5 clearly established that Plaintiff's physical and mental impairments were not medically
6 severe.  (Id. at 9-13.)  Consequently, the Court found that the opinions of the non-examining
7 consultants did not constitute substantial evidence for rejecting the opinions of Plaintiff's
8 treating physicians.  (Id. at 11.)

9 Based on this record, the government's contention that its position was substantially
10 justified is not well-taken.  The government has not met its burden of showing that the
11 position of the United States was substantially justified.  Therefore, Plaintiff is entitled to an
12 award of fees under the EAJA.  See 28 U.S.C. § 2412(d)(1)(A)-(B); Astrue v. Ratliff, 130
13 S. Ct. 2521, 2525–29 (2010).

14 Plaintiff's counsel requests $7,024.95 in attorney's fees for 38.9 hours of work
15 performed in 2011 and 2012. (Doc. 31 at 1; Doc. 31-1 at 6-7; Doc. 33.)  EAJA provides for
16 an upward adjustment of the $125 rate contained in the statute, based on cost of living
17 increases.  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th
18 Cir. 2001).  Pursuant to the EAJA and Thangaraja v. Gonzalez, 428 F.3d 870, 876–77 (9th
19 Cir. 2005), the Court will award Plaintiff's counsel a cost of living increase for billed hours.
20 Counsel will be compensated at the requested statutory rate of $180.59 per hour for work
21 performed in 2011 and 2012.  (Doc. 31 at 1.)

22 Plaintiff's counsel moves that EAJA fees be paid directly to him based on Plaintiff's
23 assignment dated June 30, 2012.  (Doc. 31–1 at 13.) This assignment, however, runs afoul
24 of the Assignment of Claims Act, 31 U.S.C. § 3727(b), which forbids the assignment of
25 claims against the United States government until after those claims are actually allowed.
26 Accordingly, the Court will not order the Commissioner to issue payment directly to
27 Plaintiff's attorney. See Ames v. Astrue, No. CV 11-163-TUC-LAB, 2012 WL 4040284 (D.
28 Ariz. Sept. 13, 2012).  The Court will direct payment of fees payable to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act. (Docs. 31, 33.) Plaintiff is awarded attorney's fees in the amount of $7,024.95. This payment shall be made payable to Plaintiff and shall be paid by the Agency.

DATED this 5th day of November, 2012.

Stephen M. McNamee
Senior United States District Judge