1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Carla G. Young,                    )    No. CV-11-538-PHX-SMM
                                         )
10                Plaintiff,             )
                                         )    **AMENDED**
11   vs.                                 )    **ORDER**
                                         )
12                                       )
     Carolyn W. Colvin, Commissioner of  )
13   Social Security,                    )
                                         )
14                Defendant.             )
                                         )
15   _____  )

16          Pending before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42

17   U.S.C. § 406(b).  (Doc. 35.)  Plaintiff's motion is unopposed by Defendant.  The Court will

18   grant Plaintiff's motion.

19          Background

20          Plaintiff originally filed applications for a period of disability and disability insurance

21   benefits under Title II of the Social Security Act before the Commissioner of Social Security.

22   Plaintiff's Title II application was denied initially and again on reconsideration. Plaintiff's

23   application was then denied by an Administrative Law Judge ("ALJ").  The Appeals Council

24   denied Plaintiff's request for review.  Counsel filed a complaint with this Court on March 23,

25   2011. (Doc. 1.)  Plaintiff and counsel entered into a fee agreement for counsel's work before

26   the Court.  (Doc. 35-1.)  The agreement provides that counsel will be paid 25% of any past

27   due benefits which Plaintiff may be awarded.

28          On June 13, 2012, the Court reversed the Commissioner's decision and remanded

1   Plaintiff's claim for further proceedings. (Doc. 27). On November 6, 2012, the Court

2   awarded attorney's fees to Plaintiff in the amount of $7,024.95 under the Equal Access to

3   Justice Act ("EAJA").  (Doc. 34.)  On remand before the Commissioner, Plaintiff was

4   awarded $82,073.00 in past due benefits on October 23, 2013. (Doc. 35-1.)   Plaintiff's

5   counsel now moves for fees pursuant to his contingency fee agreement.

6       <u>Legal Standard</u>

7       Section 406(b) provides that whenever the Court renders a favorable judgment to a

8   social security claimant, the Court can award reasonable attorney's fees for representation

9   of the claimant.  42 U.S.C. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five

10  percent of the total past-due benefits awarded to the claimant.  <u>Id.</u>  The fee is payable out of,

11  and not in addition to, the amount of the past-due benefits. <u>Id.</u>  Section 406(b) "does not

12  displace contingent-fee agreements as the primary means by which fees are set for

13  successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls

14  for court review of such arrangements as an independent check, to assure that they yield

15  reasonable results in particular cases." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002). The

16  Supreme Court stated that "Congress has provided one boundary line: Agreements are

17  unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due

18  benefits." <u>Id.</u> Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25

19  percent of past-due benefits.

20      This Court must first "respect the primacy of lawful attorney-client fee agreements."

21  <u>Crawford v. Astrue</u>, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations

22  omitted).  While looking first to this agreement, this Court must still test the resulting award

23  for reasonableness.  <u>Id.</u> at 1149.  In other words, "the district court must first look to the fee

24  agreement and then adjust downward if the attorney provided substandard representation or

25  delayed the case, or if the requested fee would result in a windfall." <u>Id.</u> at 1151. In

26  considering reasonableness this Court should consider the following non-exhaustive factors:

27  the character of the representation, the results achieved, performance, delay, whether the

28  benefits were proportionate to the time spent on the case, and, as an aid if necessary, the

1  lodestar calculation.  Id.

2       Discussion

3       Plaintiff and her counsel had a contingent-fee agreement in this case typical of fee

4  agreements in disability benefit cases. The contingent-fee agreement provides that Plaintiff

5  agrees to pay to counsel as his attorney's fee 25% of any past due benefits which Plaintiff

6  or her family receives from Plaintiff's Social Security Disability Claim. (Doc. 35-1.) Plaintiff

7  was awarded $82,073.00 in past due benefits. (Doc. 35.)  Twenty-five percent of this award

8  is $20,518.25.  Plaintiff's counsel requests that he be paid the contingency fee agreed upon

9  between he and his client, $20,518.25. (Doc. 35.)

10       Upon review of the case file, the Court finds that counsel's prosecution of this action

11  fell within the broad range of competent representation. The Court finds no reason to reduce

12  the award based on the quality of the representation. Neither did counsel engage in

13  unreasonable delay.  In cases of this type, the Ninth Circuit sitting en banc has approved

14  effective hourly rates of $519, $875, and $902 without finding that they are unreasonable.

15  See Crawford, 586 F.3d at 1153.  In this case, given the offset from the EAJA recovery for

16  which Plaintiff will receive a credit, counsel's effective hourly rate is $367.66, a 16.44%

17  contingency fee.  The Court finds that $20,518.25 is a reasonable amount.

18       Accordingly, based on the foregoing,

19       **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Attorney's Fees pursuant

20  to 42 U.S.C. § 406(b).  (Doc. 35.)  Counsel is awarded $20,518.25 pursuant to 406(b) fees

21  and is to refund the Plaintiff the previously awarded EAJA fees, in the sum of $7,024.95.

22       DATED this 14th day of February, 2014.

23

24

25                    Stephen M. McNamee
                   Senior United States District Judge
26

27

28